IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:18-CR-147-TAV-HBG |
| OLIVIA T. FLOYD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge, as may be appropriate. The parties appeared before the Court on December 4, 2018, for a motion hearing on defense counsel's Motion to Relieve Counsel of Representation [Doc. 198], filed on November 14, 2018. Assistant United States Attorney Caryn L. Hebets represented the Government. Attorney Randall E. Reagan appeared on behalf of Defendant Floyd, who was also present.

On November 7, 2018, the undersigned appointed [Doc. 133] Mr. Reagan to represent the Defendant in this case. Mr. Reagan now asks to be relieved of his representation of Defendant Floyd, because he has an actual conflict of interest. At the motion hearing, Mr. Reagan stated that he had confirmed with the Tennessee Board of Professional Responsibility that the conflict prevented him from representing Defendant Floyd. Mr. Reagan said that he had discussed his motion with Defendant Floyd, who understands his need to withdraw and does not object. AUSA Hebets stated that the Government takes no position with regard to the motion.

The Sixth Amendment right to counsel encompasses the right to have an attorney who does not have a conflict arising from simultaneous representation of clients with conflicting interests. *See Glasser v. United States*, 315 U.S. 60, 70 (1942), *superseded by statute* as held in *Bourjaily v. U.S.*, 483 U.S. 171 (1987) (regarding the admission of co-conspirator's statements). In light of the existence of an actual conflict in this case, the Court finds that good cause exists to grant defense counsel's motion to withdraw, the same [**Doc. 198**] is **GRANTED**, and Mr. Reagan is relieved as counsel of record for Defendant Floyd. *See also Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

The Court recognizes the need for the Defendant to be represented continuously by conflict-free counsel. Attorney James H. Varner, Jr., appeared and agreed to accept representation of the Defendant. The Court therefore and hereby **SUBSTITTUES** and **APPOINTS** Mr. Varner as Defendant Floyd's counsel of record under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. Mr. Reagan stated that he and Mr. Varner have already discussed the exchange of the Defendant's file.

Mr. Varner said that he would be joining in the motions to continue the December 18, 2018 trial date and other deadlines, which the Court would address at the pretrial conference later that morning. Defendant Floyd agreed that Mr. Varner needed additional time to prepare the case for trial and that she was waiving her right to a speedy trial. She informed Mr. Varner that she did not want to stay for the pretrial conference.

Accordingly, it is **ORDERED**:

(1) Attorney Randall E. Reagan's Motion to Relieve Counsel of Representation [**Doc. 198**] due to an actual conflict of interest is **GRANTED**;

(2) Mr. Reagan is **RELIEVED** as counsel of record for Defendant Floyd and is **DIRECTED** to transfer the Defendant's file and any discovery to new counsel as soon as possible; and

(3) Attorney James H. Varner, Jr., is **SUBSTITUTED** and **APPOINTED** as the Defendant's counsel of record under the CJA.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge